UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SCHANKER AND HOCHBERG, P.C., STEVEN
SCHANKER, ESQ., and R. MARK HOCHBERG, ESQ.,

                                                                           Plaintiffs,      **COMPLAINT**

                    -against-                                  Case No.: 20-5361

BERKLEY ASSURANCE COMPANY,

                                                               Defendant.
----------------------------------------------------------------------X

        Plaintiffs, Schanker and Hochberg, P.C., Steven Schanker, Esq., R. Mark Hochberg, Esq. (collectively "Plaintiffs"), by their attorneys, Hamburger, Maxson, Yaffe & McNally, LLP, complaining of the defendant Berkley Assurance Company ("Berkley" or "Defendant"), allege as follows:

### NATURE OF ACTION

        1.     Plaintiffs bring this action pursuant to 28 U.S.C. § 2201(a) seeking a declaration and an injunction: (a) holding Defendant obligated under a Lawyers Professional Liability Errors and Omissions insurance policy - issued to Plaintiff Schanker and Hochberg, P.C. under policy number VUMA017701 (the "Policy") — to provide Plaintiffs a defense and indemnification for the reasonable cost of such defense and any sums Plaintiffs pay or may become liable to pay as damages or settlement in an underlying litigation pending in the Supreme Court of the State of New York, New York County

entitled *Merns v. Estate of Sy Syms et al.*, New York County Index No. 14/100299 (the "Merns Action"); (b) holding Berkley liable to Plaintiffs for reimbursement of all reasonable costs and fees they have incurred and continue to incur defending themselves in the Merns Action, plus interest; (c) awarding Plaintiffs the reasonable costs and disbursements incurred in this action, including attorney's fees, plus interest; and (d) awarding such other and further relief as this Court deems just and proper.

## THE PARTIES

2. Plaintiff Schanker and Hochberg, P.C. (the "Law Firm"), is a professional corporation incorporated under the laws of the State of New York with its principal business address located at 27 West Neck Road, Huntington, Suffolk County, New York 11743.

3. Plaintiff Steven Schanker, Esq., is a resident of Suffolk County, New York, a stockholder in the Law Firm and an attorney licensed to practice law in the State of New York.

4. Plaintiff R. Mark Hochberg, Esq., is a resident of Nassau County, New York, a stockholder in the Law Firm and an attorney licensed to practice law in the State of New York.

5. Upon information and belief, defendant Berkley Assurance Company is a corporation organized and existing under the laws of the State of Iowa, with administrative offices located at 7233 E. Butherus Drive, Scottsdale, Arizona 85260.

6. Upon information and belief Berkley is and was duly authorized to issue insurance in the State of New York by the New York State Insurance Department.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

8. Berkley is a non-domestic corporation that, upon information and belief, at all times mentioned purposefully availed itself of the privileges and benefits of the State of New York by taking the steps to become, and be, authorized and licensed to transact business in the State of New York.

9. Upon information and belief, at all times mentioned, Berkley issued insurance coverage to, and collected premiums from, customers in the State of New York, including Plaintiffs, for such insurance coverage in the State of New York, and the incidents complained of occurred and arose from such business in the State of New York.

10. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

## OPERATIVE FACTS

**A.**      **Insurance Agreement and Coverage.**

11. Pursuant to Policy Number VUMA0177700, Berkley provided lawyers professional liability insurance to the Law Firm for claims made from June 29, 2019 through June 29, 2020 (the "Policy").

12. The Policy provides a limit of $4,000,000 per claim and in the aggregate, subject to a $10,000 per claim deductible with an aggregate deductible of $30,000.

13. The Law Firm expended substantial sums of money to purchase the Policy and Plaintiffs have performed all conditions required on their part by the Policy.

14. The Policy provides coverage, among other things, to any person, such as Mr. Schanker and Mr. Hochberg, who is or was a partner, officer, member or stockholder of the Law Firm, for "legal services" rendered on behalf of the Law Firm. *See*, Policy, Section II(2).

15. Pursuant to the terms of the Policy, Berkley is obligated to defend the Plaintiffs and pay the full cost of the defense and to indemnify the Plaintiffs for sums which the Plaintiffs pay, or may become liable to pay, as damages, for any "wrongful acts" committed by Plaintiffs arising from their performance of "legal services" as attorneys.

16. The "coverage" provision of the Policy broadly provides:

4

> We will pay, in excess of the Deductible shown in the Declarations, those sums any insured becomes legally obligated to pay as 'damages' because of an act, error or omission arising out of your 'legal services' rendered or that should have been rendered. We will have the right and duty to defend any insured against a 'claim' seeking those 'damages.' However, we will have no duty to defend any insured against any 'claim' seeking 'damages' for 'legal services' to which this insurance does not apply. We may, at our discretion, investigate and settle any potential 'claim' or 'suit' that may result.

Policy, Section I(1)(a).

17. The Policy defines the term "claim" as "a demand for monetary 'damages' arising out of a 'legal service' made against any insured by service of 'suit,' the institution of arbitration or administrative proceedings or otherwise, but does not include a demand for equitable or non-pecuniary relief. 'Claim' includes related claims." Policy, Section VII – Definitions (2).

18. The Policy defines the term "damages" as "judgments, awards and settlements an insured is legally obligated to pay as a result of a 'claim' to which this policy applies." Policy, Section VII – Definitions (3).

19. The Policy defines the term "legal services, in pertinent part," as "usual and customary services of a licensed lawyer in good standing acting by or on behalf of the 'Named Insured' described in the Declarations of this Policy." Policy, Section VII – Definitions (5).

20. Exclusion (j) of the Policy, commonly known as the Personal Profit and Dishonest Acts exclusion, provides that the Policy does not apply to any "claim:

> Based on or directly or indirectly arising out of or resulting from:
>
> (1) Any act committed with knowledge of its wrongful nature or with the intent to cause damage;
>
> (2) The gaining by any insured of any personal profit, gain or advantage to which an insured is not legally entitled; or
>
> (3) Any criminal, fraudulent, or dishonest act.
>
> However, we shall defend such allegations against any insured if it involves a "claim" otherwise covered under this Policy until final adjudication.

Policy, Section I, 2. Exclusions (j).

21. Exclusion (l) of the Policy provides that the Policy does not apply to any "claim," "[f]or payment of any fine, sanction or penalty of any nature against any insured." Policy, Section I, 2. Exclusions (l).

**B.        The Merns Action.**

22. On or about March 17, 2014, Jillian Merns, Daniel Merns and Olivia Merns, individually and on behalf of the People of the State of New York and the People of the City of New York (the "Merns Plaintiffs"), filed under seal pursuant to Article VII of the New York State Finance Law ("False Claims Act") a *qui tam* complaint against the Estate of Sy Syms (the "Estate"), and against Marcy Syms, individually and as Executrix

of the Estate of Sy Syms ("Marcy Syms") (the "Complaint") in the Supreme Court of the State of New York, New York County.

23. The Complaint alleged that the Estate and Marcy Syms had violated provisions of the False Claims Act in connection with the filing of the Estate tax return and in connection with the filing of Marcy Syms' personal tax returns, which the Merns Plaintiffs alleged resulted in an underpayment of taxes to the State and City of New York.

24. The Complaint did not name the Law Firm, Mr. Schanker or Mr. Hochberg as defendants.

25. Upon information and belief, in or about September 2017 the State of New York declined to convert the Merns Plaintiffs' Complaint in the underlying action into a civil enforcement action or to intervene.

26. Approximately two years later, on or about August 1, 2019, the attorney for the Merns Plaintiffs filed under seal an Amended Complaint against the Estate and Marcy Syms arising out of the same underlying alleged actions as those alleged in the Complaint.

27. The Amended Complaint did not name the Law Firm, Mr. Schanker or Mr. Hochberg as defendants.

28. Less than two months later, on or about September 25, 2019, counsel for the Merns Plaintiffs filed under seal a Second Amended Complaint.

29. The Second Amended Complaint asserted the same claims against the Estate and Marcy Syms arising out of the same underlying alleged actions, and, for the first time, named the Law Firm, Mr. Schanker and Mr. Hochberg as defendants (Plaintiffs herein), based upon legal services that they allegedly provided to the Estate in connection with the alleged actions.

30. In the First, Second, Third, Sixth and Eighth causes of action alleged in the Second Amended Complaint, it was alleged that the Plaintiffs herein were liable under subsections (c), (d) and (g) of State Finance Law § 189(1) (*i.e.*, the False Claims Act) for "knowingly" aiding and abetting and acting as alleged "knowing" co-conspirators with the Estate and Marcy Syms with respect to the filing of the Estate tax return and in connection with the filing of Marcy Syms' personal tax returns.

31. Pursuant to the causes of action asserted against the Plaintiffs in the Second Amended Complaint, the Merns Plaintiffs seek, among other things, "an award of money damages as a result of [Plaintiffs'] violation of the New York False Claims Act" "plus treble damages and civil penalties." Second Amended Complaint, Wherefore Clauses A, B, C, F and H.

C. **Plaintiffs' Tender to Berkley and Berkley's Denial of Coverage.**

32. Upon receipt of service of the Second Amended Complaint on or about October 11, 2019, Plaintiffs promptly and timely notified Berkley of the complaint and requested defense and indemnification with respect to same.

33. By letter to Plaintiffs dated November 18, 2019 (the "Disclaimer Letter"), counsel for Berkley advised Plaintiffs that it was disclaiming any obligation to defend and/or indemnify them with respect to the Merns Action.

34. Specifically, Berkley "disclaim[ed] any duty to defend and indemnify the Insureds in the Litigation pursuant to Exclusions j. and Exclusion l," and further disclaimed "any duty to defend and indemnify the Insureds in the Litigation because the Complaint does not seek damages because of an act, error or omission in rendering 'legal services.'"

35. Despite subsequent correspondence dated November 19, 2019, and February 27, 2020, in which the Plaintiffs and their counsel demonstrated their entitlement to coverage under the Policy, Berkley adhered to the position taken in the Disclaimer Letter through correspondence dated November 22, 2019, and March 12, 2020.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

36. Plaintiffs repeat and reallege paragraphs "1" through "35" herein as if fully set forth at length.

37. Plaintiffs have expended substantial sums to purchase the Policy and have performed all the conditions required on their part by the Policy issued by Defendant.

38. Defendant's disclaimer of coverage based on the insuring clause of the Policy, is ineffective, inapplicable, belied by and in breach of the terms of the Policy, belied by the allegations in the Second Amended Complaint in the Merns Action, and belied by application of the provisions of the False Claims Act and governing law.

39. Defendant's disclaimer of coverage based on the cited exclusions in the Policy are ineffective, inapplicable, belied by the allegations in the Second Amended Complaint in the Merns Action, belied by application of the provisions of the False Claims Act and governing law, and belied by the terms of the cited exclusions in the Policy.

40. Defendant's failure and refusal to defend and indemnify Plaintiffs in the Merns Action, and its failure and refusal to pay the past incurred and continuing and future costs and expenses of providing for the defense of Plaintiffs in the Merns Action violates the terms of the Policy and reflects a flagrant disregard for the defense cost burden placed upon the Plaintiffs.

41. Plaintiffs have and will continue to incur substantial defense costs and attorney's fees in connection with defending against the claims asserted against them in the Merns Action.

42. Defendant is required and obligated to defend, pay and provide for the defense of Plaintiffs and to indemnify the Plaintiffs in the Merns Action in accordance with the terms of the Policy.

43. Unless the respective rights of the Plaintiffs are declared by this Court, the Plaintiffs will be deprived of the benefits and protections provided for them under the terms of the Policy.

44. Plaintiffs thus seek and are entitled to a judicial determination of Defendant's duties under the Policy, to defend, investigate and pay the cost of the claims asserted against the Plaintiffs in the Merns Action, to reimburse Plaintiffs, with interest, for the reasonable attorneys' fees and costs they have incurred and continue to incur in defending themselves in the Merns Action, and to indemnify Plaintiffs against the full cost and expense of defending Plaintiffs in the Merns Action by counsel selected by Plaintiffs, and the costs and expenses related to settlement or judgment entered, if any, against the Plaintiffs in the Merns Action, plus any additional costs and expenses incurred by the Plaintiffs arising out of or related to the Merns Action, including attorney's fees and costs incurred by counsel selected by Plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Injunctive Relief)

45. Plaintiffs repeat and reallege paragraphs "1" through "44" herein as if fully set forth at length.

46. Plaintiffs are entitled to an injunction compelling Defendant to comply with its contractual obligations to the Plaintiffs under the Policy to provide them with a defense and indemnification against the Merns Action and to reimburse them and

pay for all reasonable attorney's fees, costs and expenses incurred in providing such defense in the Merns Action by counsel selected by Plaintiffs.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract – Damages)

47. Plaintiffs repeat and reallege paragraphs "1" through "46" herein as if fully set forth at length.

48. Defendant's refusal to honor its obligations and duties to Plaintiffs under the Policy has necessarily required Plaintiffs to find and retain counsel to represent them in the Merns Action, and to shoulder the entire significant financial burden of providing for such defense.

49. These costs and expenditures were and are a reasonably foreseeable result of Defendant's breach of its obligations and duties to Plaintiffs under the Policy.

50. To date, and continuing, Plaintiffs have incurred attorney's fees and costs in the Merns Action in an amount exceeding $75,000, exclusive of interest.

51. Plaintiffs are entitled under the Policy to reimbursement, plus interest, for the full costs and expenses incurred and continuing to be incurred, including all reasonable attorney's fees incurred to date and continuing to be incurred by counsel selected by Plaintiffs, in providing for their defense against the claims in the Merns Action, in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Attorney's Fees and Costs)

52. Plaintiffs repeat and reallege paragraphs "1" through "51" herein as if fully set forth at length.

53. Defendant's refusal to honor its obligations to Plaintiffs under the Policy violates the covenant of good faith and fair dealing inherent in the Policy.

54. Defendant has deliberately and recklessly acted in bad faith and in gross disregard of Plaintiffs' rights and interests in refusing to honor its obligations to Plaintiffs under the Policy.

55. Defendant has unreasonably denied Plaintiffs' claim under the Policy and wrongfully refused to defend Plaintiffs against the claims asserted against them in the Merns Action.

56. In purchasing the Policy from Defendant, Plaintiffs reasonably understood and expected that they would be protected by Defendant against risks and have associated peace of mind with respect to claims such as those asserted against them in the Merns Action.

57. Defendant's refusal to honor its obligations and duties to Plaintiffs has been taken in an improper effort to free itself of its obligations to Plaintiffs under the Policy, and has deprived Plaintiffs of the benefits they bargained for in purchasing the Policy from Defendant.

58. Defendant has necessarily, and otherwise needlessly, violated Plaintiffs' rights under the Policy and caused Plaintiffs to incur significant additional costs and attorney's fees in this action to defend and enforce their Policy rights.

59. All such costs, expenses and attorney's fees incurred by Plaintiffs in this action were and are a foreseeable and probable loss resulting from Defendant's breach of its duties and obligations to Plaintiffs under the Policy.

60. Reimbursement to Plaintiffs of the reasonable costs and fees incurred in this action is necessary to place Plaintiffs in as good a position as they would have been had Defendant performed its obligations to them under the Policy.

61. Plaintiffs are accordingly entitled to an award of their reasonable attorney's fees, costs and expenses incurred in this action, together with interest and costs as provided by law.

**WHEREFORE,** Plaintiffs Schanker and Hochberg, P.C., Steven Schanker, Esq., R. Mark Hochberg, Esq., demand judgment as follows:

a) declaring that defendant Berkley Assurance Company is in default of its duties and obligations under the Policy to defend, investigate and pay the cost of the claims asserted against the Plaintiffs in the Merns Action, to reimburse Plaintiffs, with interest, for the reasonable costs and fees they have incurred and continue to incur in defending themselves in the Merns Action by counsel selected by Plaintiffs, and to indemnify Plaintiffs against the full cost and expense of defending Plaintiffs in the Merns

Action by counsel selected by Plaintiffs, and the costs and expenses related to settlement or judgment entered, if any, against the Plaintiffs in the Merns Action, plus any additional costs and expenses incurred by the Plaintiffs arising out of or related to the Merns Action;

    b)  enjoining Defendant to comply with its contractual obligations to the Plaintiffs under the Policy to provide them with a defense and indemnification against the Merns Action and to reimburse them and pay for all reasonable attorney's fees and costs incurred in providing such defense in the Merns Action by counsel selected by Plaintiffs;

    c)  awarding Plaintiffs reimbursement, plus interest, for the full costs and expenses incurred and continuing to be incurred, including all reasonable attorney's fees and expenses incurred to date and continuing to be incurred, in providing for their defense against the claims in the Merns Action by counsel selected by Plaintiffs, in an amount to be determined at trial;

    d)  awarding Plaintiffs the reasonable costs and disbursements incurred in this action, including attorney's fees, costs and expenses, plus interest; and

  e).  Awarding Plaintiffs such other and further relief as this Court deems just and proper.

Dated: Melville, New York
    November 4, 2020

        Yours, etc.,

        **HAMBURGER, MAXSON, YAFFE & McNALLY, LLP**
        *Attorneys for Plaintiffs*

    By: _____
        Richard Hamburger, Esq.
        David N. Yaffe, Esq.
        225 Broadhollow Road, Suite 301E
        Melville, New York 11747
        631.694.2400